1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MICHAEL BENNO; JESSICA            No. 2:16-cv-01110-TLN-DMC
     ELAINE BENNO; JACOB DANIEL
12   BENNO; LOGAN WAYNE BENNO;
     MARCIA JONES; DENNIS PERON;
13   BRIAN MONTERROZO; RICHARD               **ORDER**
     YOUNG; CHARLES B. McINTOSH;
14   JESSICA CONCHA SOLANO;
     NICHOLAS NEAL BOLTON;
15   WALTER CARNEY; JERILYN
     CARNEY; and JOSH HANCOCK,
16
17                Plaintiffs,

18        v.

19   SHASTA COUNTY, CALIFORNIA;
     SHASTA COUNTY SHERIFF'S
20   DEPARTMENT; THOMAS
     BOSENKO, in his capacity as Sheriff
21   of Shasta County; DALE FLETCHER;
     TOM BARNER; SHASTA COUNTY
22   CODE ENFORCEMENT; SHASTA
     COUNTY BOARD OF
23   SUPERVISORS; LESTER BAUGH;
     and DOES 1 to 10,
24
                  Defendant.
25

26

27

28   ///

                                    1

1        This matter is before the Court on Defendants County of Shasta ("County"), Shasta

2    County Board of Supervisors ("Board"), Shasta County Code Enforcement Office ("Code

3    Enforcement"), and Shasta County Sheriff's Department's ("Sheriff's Dept.") (collectively,

4    "Defendants") Motion to Dismiss.[1]  (ECF No. 22.)  Plaintiffs James Benno, Jessica Benno, Jacob

5    Benno, Logan Benno, Marcia Jones, Dennis Peron, Brian Monterrozo, Richard Young, Charles

6    McIntosh, Jessica Solano ("Solano"), Nicholas Bolton ("Bolton"), Walter Carney, Jerilyn

7    Carney,[2] and Josh Hancock ("Hancock") (collectively, "Plaintiffs") opposed the motion.  (ECF

8    No. 23.)  Defendants replied.  (ECF No. 24.)  For the reasons discussed herein, the Court

9    GRANTS Defendants' Motion to Dismiss.

10        **I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

11        This action is proceeding on Plaintiffs' original Complaint, which asserts Defendants

12    violated Plaintiffs' constitutional rights when they enacted a county ordinance banning the

13    outdoor cultivation of marijuana and enforced the ordinance by conducting raids on Plaintiffs'

14    property.  (*See* ECF Nos. 1, 9.)

15        James Benno, Solano, Bolton, Walter Carney, and Jerilyn Carney began "collectively

16    cultivating" medical marijuana on their respective real properties in Shasta County at various

17    times between 1997 and 2009.  (*Id.* at 4–5.)  Plaintiffs do not indicate whether they cultivated the

18    marijuana indoors or outdoors on their properties but contend they cultivated medical marijuana

19    in compliance with California's Compassionate Use Act ("CUA") (Cal. Health & Safety Code §§

20    11362.5 et seq.) and California's Medical Marijuana Program Act ("MMPA") (Cal. Health &

21    Safety Code §§ 11362.7 *et seq.*).  (*Id.* at 4–5, 7.)  The Complaint additionally indicates James

22    Benno cultivated the marijuana for himself and a group of patients.  (*Id.* at 4.)

23

24    [1]    Plaintiffs additionally bring this action against Defendants Thomas Bosenko, Dale
      Fletcher, Tom Barner, and Lester Baugh.  (*See* ECF No. 1 at 1, 3.)  However, these individual

25    Defendants are not represented in the instant motion to dismiss because they have not been served
      with process and have not appeared in this action.

26

27    [2]    The Complaint occasionally refers to a "Jerylyn Carney," a "Jerlyn Carney," a "Jerilyn
      Carney," and a "Jessica Carney," but it appears that these references all apply to the same

28    Plaintiff.  Accordingly, the Court shall hereinafter refer to this Plaintiff as "Jerilyn Carney."

On December 13, 2011, the County enacted an ordinance which permitted the indoor and outdoor cultivation of marijuana, subject to certain restrictions ("2011 Ordinance").  (ECF No. 9 at 4–14.)  On January 28, 2014, the County enacted a subsequent ordinance banning the outdoor cultivation of marijuana ("2014 Ordinance").[3]  (*Id.* at 16–28.)

Meanwhile, Plaintiffs identify four discrete raids which they contend were performed without valid warrants:

    1)  In or around September 2013, unidentified employees of the Sheriff's Dept. and Code Enforcement purportedly raided property owned by Solano and Bolton.  At that time, 68 medical marijuana plants were removed.  (ECF No. 1 at 5.)

    2)  In or around September 2013, unidentified employees of the Sheriff's Dept. and Code Enforcement purportedly raided property owned by Walter and Jerilyn Carney.  During this raid, 96 medical marijuana plants, as well as unspecified miscellaneous personal property, were destroyed and Walter and Jerilyn Carney were arrested.  Walter and Jerilyn Carney were both held in jail for three days after their arrest.  (*Id.*)

    3)  On May 20, 2014, unidentified employees of the Sheriff's Dept. and Code Enforcement purportedly raided property owned by James Benno.  (*Id.*) During the raid, 99 medical marijuana plants were destroyed, dirt was removed, and unspecified personal property was damaged and destroyed.  (*Id.*)

---

[3]    The Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2).  Accordingly, the Court judicially notices Shasta County Ordinance No. SCC 2011-05 (2011) and Shasta County Ordinance No. SCC 2014-02 (2014), attached to Defendants' Request for Judicial Notice. (ECF No. 9 at 4–14, 16–28); *Chew v. City & Cnty. of San Francisco*, No. 13-CV-05286-MEJ, 2016 WL 631924, at *1 (N.D. Cal. Feb. 17, 2016), *aff'd*, 714 F. App'x 687 (9th Cir. 2017) (taking judicial notice of official municipal enactments, ordinances, and statutes); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).  Further, to the extent Plaintiffs allege the 2014 Ordinance was enacted in November 2014 (ECF No. 1 at 5) and not the January 28, 2014 date appearing on the face of the ordinance document (ECF No. 9 at 28), the Court declines to accept Plaintiffs' allegation as true.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

1                   At that time, James Benno, Logan Benno, and Jacob Benno were arrested.

2                   (*Id.*)  James and Logan Benno were held in jail for approximately 60 days

3                   following their arrest; Jacob Benno was held in jail for approximately 45 days.

4                   (*Id.*)

5           4)  On or around May 1, 2016, unidentified Sheriff's Dept. deputies entered

6                   Hancock's property.  (*Id.* at 6.)  The Complaint does not indicate that any items

7                   were confiscated or that any other actions were taken.

8           During the aforementioned raids, Plaintiffs allege officers in "military-style uniforms

9   some of whom had automatic machine gun type weapons" physically attacked and pointed their

10  weapons at Plaintiffs.  (*Id.* at 15.)  Plaintiffs further allege they were unarmed, "did not pose any

11  danger to [the] officers," and did not "attempt[] to escape or evade [the] officers."  (*Id.*)  Rather,

12  Plaintiffs allege they "responded to [the officers'] requests."  (*Id.*)  As a result of these

13  encounters, Plaintiffs allege they sustained physical injuries "to limbs and other body parts as

14  well as mental injuries including Post Traumatic Stress Disorder, anxiety and other mental

15  disorders."  (*Id.*)  The Complaint does not identify any of the individual officers who participated

16  in the aforementioned raids, attribute specific conduct to any individual officer, or specify which

17  Plaintiffs were injured during the raids or what particular injuries they each sustained.  (*See id.*)

18  Plaintiffs additionally contend that, "if warrants were obtained [for any of the raids], they were

19  deficient."[4]  (*Id.* at 13.)

20          On May 20, 2016, Plaintiffs initiated this action, asserting five causes of action pursuant

21  to 42 U.S.C. § 1983 for: (1) warrantless search and seizure in violation of the Fourth Amendment,

22  against the County and the Sheriff's Dept.; (2) improper taking in violation of the Fifth and

23

---

24     [4]      The Complaint does not assert any factual allegations relating to the six remaining
Plaintiffs: Jessica Benno, Marcia Jones, Dennis Peron, Brian Monterrozo, Richard Young, or

25  Charles McIntosh.  (*See generally* ECF No. 1.)  The general allegation that "[e]ach of the
Plaintiffs had established a vested right" to grow marijuana under state law and that Shasta

26  County terminated that right without providing an amortization period (ECF No. 1 at 6), however,
may support an inference that these particular Plaintiffs had an interest in the properties/alleged

27  marijuana growing operations identified in the Complaint for purposes of Plaintiffs' First,
Second, Fourth, and Fifth Causes of Action.

28

4

1   Fourteenth Amendments, against the County and the Sheriff's Dept.; (3) excessive force in

2   violation of the Fourth Amendment, against the County and the Sheriff's Dept.; (4) inverse

3   condemnation in violation of Article I, § 19(a) of the California Constitution, against all

4   Defendants; and (5) violations of Plaintiffs' substantive due process rights under the Fourteenth

5   Amendment, against all Defendants.[5] (*Id.* at 12–18.)  Plaintiffs seek monetary damages, fees and

6   costs, and injunctive relief.  (*Id.* at 18–20.)

7          On November 28, 2017, Defendants filed the instant Motion to Dismiss pursuant to

8   Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF No. 22.)  Plaintiffs filed an Opposition,

9   and Defendants replied.  (ECF Nos. 23–24.)

10         **II.   STANDARD OF LAW**

11         A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

12  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a)

13  requires that a pleading contain "a short and plain statement of the claim showing that the pleader

14  is entitled to relief."  *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009).  Under notice

15  pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . .

16  is and the grounds upon which it rests."  *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555

17  (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal

18  discovery rules and summary judgment motions to define disputed facts and issues and to dispose

19  of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

20         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

21  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

22  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

23  *Clerks Int'l Ass'n v. Schermerhorn (Retail Clerks)*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff

24  need not allege "'specific facts' beyond those necessary to state his claim and the grounds

25  showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when

26

27  [5]        The Complaint erroneously labels Plaintiffs' Fifth Cause of Action as their "Sixth Cause
    of Action."  The Court will hereinafter refer to this cause of action as Plaintiffs' "Fifth Cause of
28  Action."

1    the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

3    at 556).

4            Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

5    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

6    1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

7    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

8    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

9    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

10   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

12   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

13   been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

14   U.S. 519, 526 (1983).

15           Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

16   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

17   *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

18   across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680.

19   While the plausibility requirement is not akin to a probability requirement, it demands more than

20   "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is

21   "a context-specific task that requires the reviewing court to draw on its judicial experience and

22   common sense." *Id.* at 679.

23           If a complaint fails to state a plausible claim, "[a] district court should grant leave to

24   amend even if no request to amend the pleading was made, unless it determines that the pleading

25   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

26   (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see*

27   *also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

28   denying leave to amend when amendment would be futile).  Although a district court should

                                                      6

1    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

2    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

3    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

4    *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

5        **III.   ANALYSIS**

6        Defendants move to dismiss the Complaint in its entirety.  The Court will address

7    Defendants' arguments as to each cause of action in turn.

8            A.      Shasta County Entities and Plaintiffs' Second and Fourth Causes of Action

9        As an initial matter, the Court addresses Defendants' arguments with respect to the Shasta

10   County entities and Plaintiffs' Second and Fourth Causes of Action (improper takings and inverse

11   condemnation, respectively).

12       Defendants argue that the Board, Code Enforcement, and Sheriff's Dept. are not proper

13   parties because they are not separate entities from the County.  (ECF No. 22 at 16.)  Defendants

14   argue Plaintiffs' Second Cause of Action is not ripe where Plaintiffs have not exhausted their

15   administrative remedies pursuant to state law inverse condemnation proceedings.  (*Id.* at 23–24.)

16   Moreover, Defendants argue the takings claim is inapplicable where, as here, property is seized

17   for a criminal proceeding and not for "public use."  (*Id.* at 24.)  Defendants additionally seek

18   dismissal of Plaintiffs' Fourth Cause of Action on the basis that it is barred by the statute of

19   limitations and because Plaintiffs have not identified any "fundamental vested right" that was

20   infringed upon.  (*Id.* at 18–21.)

21       In their Opposition, Plaintiffs concede that the Board, Code Enforcement, and Sheriff's

22   Dept. are not separate entities from the County and should therefore be dismissed from this

23   action.  (ECF No. 23 at 8.)  Plaintiffs further state the Complaint should be amended to remove

24   their causes of action for takings (Second Cause of Action) and inverse condemnation (Fourth

25   Cause of Action), thus conceding such claims should be dismissed.  (*Id.*)

26       Accordingly, Defendants' Motion to Dismiss as to Plaintiffs' Second and Fourth Causes

27   of action is GRANTED without leave to amend.  The Board, Code Enforcement, and Sheriff's

28   Dept. are hereby DISMISSED from this action.

1    B.    Section 1983 Claims for Violations of the Fourth Amendment (First and

2          Third Causes of Action)

3    Plaintiffs' First and Third Causes of Action assert Fourth Amendment violations

4    (unlawful searches/seizures and excessive force, respectively) pursuant to 42 U.S.C. § 1983 ("§

5    1983").  (ECF No. 1 at 12–15.)  Defendants move to dismiss both claims because Plaintiffs fail to

6    establish *Monell* liability against the County where they do not allege any facts relating to

7    customs, policies, or practices promulgated by the County.  (ECF No. 22 at 21–23.)  The Court

8    agrees with Defendants.

9    Section 1983 allows persons to sue individuals or municipalities acting under the color of

10   state law for violations of rights guaranteed under the Constitution or federal law.  *See* 42 U.S.C.

11   § 1983; *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691–92 (1978).  In a

12   claim against an individual defendant in his "personal capacity," a plaintiff must allege facts

13   showing deprivation of his federally-secured rights resulted from conduct directly attributable to

14   each specific defendant.  *See Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Iqbal*, 556 U.S. at

15   676 (plaintiff must show "each Government-official defendant, through the official's own

16   individual actions, ha[d] violated the Constitution."); *see also Bd. of the Cty. Comm'rs v. Brown*

17   *(Brown)*, 520 U.S. 397, 403 (1997) (a municipality may not be held vicariously liable for the acts

18   of its employees).  In an "official capacity" (*i.e.*, "*Monell*") claim against the municipality, by

19   contrast, the municipality itself causes the constitutional violation through a policy or

20   custom.  *Monell*, 436 U.S. at 690 n.55, 691.  In this narrow instance, the governmental entity or

21   its agents act as the "moving force" behind the deprivation, and the entity remains liable for the

22   actions of its agents.  *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985).  If a complaint does not

23   explicitly mention the capacity in which officials are sued but asserts specific factual allegations

24   against them, courts "presume that officials necessarily sued in their personal capacities."  *See*

25   *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

26   To bring a *Monell* claim against the municipality, a plaintiff must establish "the local

27   government had a deliberate policy, custom, or practice that was the 'moving force' behind the

28   constitutional violation [he] suffered."  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)

8

1   (citing *Monell*, 436 U.S. at 694); *Kentucky*, 473 U.S. at 166; *see also Brown*, 520 U.S. at 403, 405

2   ("Where a plaintiff claims that the municipality has not directly inflicted an injury, but

3   nonetheless has caused an employee to do so, rigorous standards of culpability and causation

4   must be applied to ensure that the municipality is not held liable solely for the actions of its

5   employee.").  Further, absent identification of a formal governmental policy, a plaintiff must

6   show a "longstanding practice or custom which constitutes the standard operating procedure of

7   the local governmental entity.  The custom must be so 'persistent and widespread' that it

8   constitutes a 'permanent and well settled city policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th

9   Cir. 1996) (citing *Monell*, 436 U.S. at 691) (internal quotations omitted).

10          Here, a plain reading of the Complaint reveals that Plaintiffs are asserting a "personal

11  capacity" claim under § 1983, not a *Monell* claim.  *Romano*, 169 F.3d at 1186.  Simply put, the

12  only factual allegations asserted in the Complaint describe individual raid incidents during which

13  unidentified employees of the Sheriff's Dept. and/or Code Enforcement purportedly seized and/or

14  destroyed Plaintiffs' property, threatened Plaintiffs with weapons, and caused physical and

15  emotional injuries to certain Plaintiffs.  (*See* ECF No. 1 at 5–6, 13.)  Because a municipality

16  cannot be held vicariously liable solely for the actions of its employees in a § 1983 claim,

17  Plaintiffs' § 1983 claims as asserted against the County must fail.[6]  *See Monell*, 436 U.S. at 694.

18          Plaintiffs' arguments in Opposition are unavailing.  First, Plaintiffs argue a singular

19  paragraph located in the "Parties" section of the Complaint establishes their *Monell* claim:

20              Plaintiffs are informed and believe and based upon such information
               and belief allege that all of the actions alleged in this Complaint were
21              taken pursuant to customs, policies, and practiced [sic] have been,
               are presently, and will be acting under the color and authority of the
22              laws of the United States and the state of California.

23  (ECF No. 23 at 8 (citing ECF No. 1 at 4).)  At most, this paragraph amounts to a "formulaic

24  recitation of a cause of action's elements" deemed insufficient by *Twombly*.  *See Dougherty v.*

25  *City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  Without more — such as allegations

26  _____

27  [6]      The Court declines at this time to address the merits of Plaintiffs' § 1983 claims as they
    might be applied against individual defendant officers sued in their personal capacity, as the
28  instant Motion to Dismiss was brought by the County and only challenges Plaintiffs' claims to the
    extent that they are asserted against the County.

1    discussing or identifying an actual custom, policy, or practice of the County, or asserting the

2    purported constitutional deprivation was the result of such policies — Plaintiffs' allegations are

3    insufficient to state a *Monell* claim. *See id.* at 900–01.

4         Second, Plaintiffs appear to argue it can be inferred that the County employees acted

5    pursuant to customs, policies, and practices based on the four raids identified in the Complaint.

6    (ECF No. 23 at 8.)  The Court disagrees.  The Ninth Circuit has held "[l]iability for improper

7    custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices

8    of sufficient duration, frequency and consistency that the conduct has become a traditional

9    method of carrying out policy." *Trevino*, 99 F.3d at 918; *see also Meehan v. Los Angeles County*,

10   856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom).  Here, the four

11   incidents identified in Plaintiffs' Complaint demonstrate neither frequency nor consistency with

12   respect to the officers' purported behavior sufficient to establish any longstanding custom,

13   practice, or policy.  To the contrary, during two of the raids, officers allegedly destroyed

14   marijuana plants and property and arrested certain Plaintiffs; during a different raid, officers only

15   removed marijuana plants and made no arrests; and during the fourth raid, officers apparently did

16   not remove or destroy property or arrest any individuals.  (*See* ECF No. 1 at 5.)

17        Finally, Plaintiffs argue they do not yet have access to "internal documents, emails, notes

18   and other evidence" proving the County's customs, policies, and practices.  (ECF No. 23 at 8.)

19   Through this purported justification for their pleading deficiencies, Plaintiffs implicitly concede

20   any *Monell* claim asserted in the Complaint is deficient.  Moreover, to survive a Rule 12(b)(6)

21   motion to dismiss, the Complaint does not need evidence or detailed factual allegations of a

22   custom, policy or practice, but it must allege enough facts to raise a reasonable expectation that

23   discovery will reveal evidence of one.  *See Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289

24   F. Supp. 2d 986, 995 (N.D. Ill. 2003) ("[S]ome threshold of plausibility must be crossed at the

25   outset before a patent antitrust case should be permitted to go into its inevitably costly and

26   protracted discovery phase.").  Plaintiffs do not allege any facts about a custom, policy, or

27   practice.  Therefore, they have failed to "nudge[] [their] claims . . . across the line from

28   conceivable to plausible." *Iqbal*, 556 U.S. at 680.

1    Accordingly, Defendants' Motion to Dismiss Plaintiffs' First and Third Causes of Action

2    is GRANTED.  Nevertheless, the Court finds Plaintiffs may cure the identified deficiencies

3    through amendment.  *Lopez*, 203 F.3d at 1130.  Therefore, the dismissal is with leave to amend.

4              C.      Section 1983 Claim for Violation of Substantive Due Process Rights Under

5                      the Fourteenth Amendment (Fifth Cause of Action)

6    Under the Fourteenth Amendment, "[n]o state shall . . . deprive any person of life, liberty,

7    or property, without due process of laws."  U.S. Const. amend. XIV.  For purposes of substantive

8    due process, a plaintiff must demonstrate a violation of an identified "liberty" or "property"

9    interest protected by the due process clause.  *See Meyer v. Nebraska*, 262 U.S. 390, 399 (1923).

10   A legitimate interest protected by the Fourteenth Amendment is one that is contractually or

11   statutorily granted.  *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  With regard to

12   substantive due process challenges to land use ordinances, a plaintiff must establish the ordinance

13   is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety,

14   morals, or general welfare."  *Teresi Invs. III v. City of Mt. View (Teresi)*, 609 F. App'x 928, 930

15   (9th Cir. 2015) (quoting *Euclid v. Ambler Co.*, 272 U.S. 365, 395 (1926)).  Furthermore, if it is

16   "'at least fairly debatable' that the [ordinance] was rationally related to legitimate government

17   interests," the ordinance must be upheld.  *Id.* (citing *Christensen v. Yolo Cnty. Bd. of Sup'rs*, 995

18   F.2d 161, 165 (9th Cir. 1993).

19   Plaintiffs assert a § 1983 claim against Defendants for violations of their substantive due

20   process rights under the Fourteenth Amendment.  (ECF No. 1 at 16–18.)  Plaintiffs further

21   contend the 2014 Ordinance is invalid and unenforceable because it is not sufficiently "narrowly

22   tailored to address a compelling government interest."  (*Id.* at 17–18.)  Defendants move to

23   dismiss Plaintiffs' due process claim on the basis that Plaintiffs have not identified any

24   fundamental right or interest that was violated.  Specifically, Defendants argue there is no "vested

25   right" to grow marijuana, nor is there a constitutionally-protected property interest in growing

26   marijuana, under either state or federal law.  (ECF No. 22 at 17–20).  In their Opposition,

27   Plaintiffs contend Defendants mischaracterized their due process allegations, arguing that "the

28   ///

11

1    fundamental vested rights and due process claims have nothing to do with state marijuana laws."

2    (ECF No. 23 at 4.)  The Court finds Defendants have the better argument.

3           As an initial matter, the Court notes Plaintiffs fail to articulate any clear characterization

4    of the "fundamentally vested right" or "compelling government interests" (*see* ECF No. 1 at 17)

5    to which they refer.  Instead, the Complaint contains scattershot references to due process under

6    the Fifth Amendment, Fourteenth Amendment, and California Constitution, as well as procedural

7    due process, substantive due process, and "fundamental" and "vested" rights (*see id.* at 6–7, 9–10,

8    16, 18), all used interchangeably while devoid of context or factual predicate.  For example, at

9    times, Plaintiffs appear to take issue with the 2014 Ordinance's revocation of outdoor cultivation

10   of medical marijuana from the provisions of the 2011 Ordinance.  (*See id.* at 5–6.)  From these

11   allegations, it appears Plaintiffs contend Defendants violated their due process rights by enacting

12   an ordinance that deprived Plaintiffs of vested land use rights created under the 2011 Ordinance

13   "without compensation or an adequate amortization period."[7]  (*Id.* at 6.)  Yet Plaintiffs also allege

14   they began cultivating marijuana on their properties prior to the 2011 Ordinance in compliance

15   with the CUA and MMPA, from which it may be inferred Plaintiffs are claiming they obtained

16   certain vested marijuana cultivation rights pursuant to those California Health and Safety Code

17   sections.  (*See id.* at 4–5.)  In addition, the Complaint includes much discussion of the medical

18   and health benefits of medical marijuana for patients, such that Plaintiffs appear to assert that the

19   right of patients to *access* medical marijuana — though distinct from cultivating it — is a

20   fundamental right.  (*See id.* at 7–9, 16–17.)  On this basis alone, the Court finds Plaintiffs have

21   ///

22

23   [7]      Plaintiffs' arguments in Opposition generate further confusion.  In particular, Plaintiffs
     argue Defendants incorrectly characterize their due process claim as a "land use 'vested rights'"
24   issue, as demonstrated by Defendants' reliance on "land use 'vested rights'" cases such as *Goat
     Hill Tavern v. City of Costa Mesa*, 6 Cal. App. 4th 1519, 1526 (1992).  (ECF No. 23 at 4–5.)
25   This appears to contradict any contention that the 2014 Ordinance divested Plaintiffs of their land
     use rights.  Moreover, Plaintiffs argue their claim is more akin to that in *Santa Barbara Patients'
26   Collective Health Coop. v. City of Santa Barbara*, 911 F. Supp. 2d 884 (2002).  (*Id.*)  But *Santa
     Barbara* is also properly characterized as a "land use 'vested rights'" case.  *See* 911 F. Supp. 2d at
27   892–93 (discussion of plaintiff's vested land use rights based on permit obtained prior to
     enactment of ordinance restricting use).
28

1    failed to "give the defendant[s] fair notice of what the claim . . . is and the grounds upon which it

2    rests." *Twombly*, 550 U.S. 555.

3           Furthermore, even construing all reasonable inferences in Plaintiffs' favor, Defendants

4    correctly note that Plaintiffs have failed to identify any fundamental right that was violated.  First,

5    there is no fundamental right to collectively cultivate marijuana, and Plaintiffs have not identified

6    any legal authority in support of such a contention.  Indeed, there is no property right in medical

7    marijuana that is recognized by the Fourteenth Amendment.  *Little v. Gore*, 148 F. Supp. 3d 936,

8    955 (S.D. Cal. 2015) ("California district courts have found there is no protected property interest

9    [in medical marijuana] for purposes of the Fourteenth Amendment.") (citations omitted); *The

10   Kind and Compassionate v. City of Long Beach*, 2 Cal. App. 5th 116, 120 (2016) ("federal law

11   prohibits the possession, distribution, and manufacture of marijuana"); *see also Kirby v. Cty. of

12   Fresno*, 242 Cal. App. 4th 940, 964 (2015) ("there is no [state] constitutional right to cultivate

13   marijuana").  Nor have Plaintiffs alleged any facts showing the 2014 Ordinance's ban of outdoor

14   marijuana cultivation was "clearly arbitrary and unreasonable, having no substantial relation to

15   the public health, safety, morals, or general welfare." *Teresi*, 609 F. App'x at 930.

16          Second, to the extent Plaintiffs assert a right to outdoor cultivation of medical marijuana

17   that vested under the 2011 Ordinance, Plaintiffs also fail to allege sufficient facts to state a claim.

18   There is "no federal Constitutional right to be free from changes in the land use laws." *Bowers v.

19   Whitman*, 671 F.3d 905, 916 (9th Cir. 2012) (quoting *Lakeview Dev. Corp. v. City of S. Lake

20   Tahoe*, 915 F.2d 1290, 1295 (9th Cir. 1990)).  "Therefore, an interest in a particular land use does

21   not constitute a protected property interest, unless the interest has vested in equity based on

22   principles of detrimental reliance." *Id.*; *see also Santa Barbara Patients' Collective Health Coop.

23   v. City of Santa Barbara*, 911 F. Supp. 2d 884 (2002) (plaintiff's right to operate its dispensary

24   was "vested" for due process purposes where it had obtained a land use permit to build the

25   dispensary and had expended significant resources in reliance on the permit prior to the county's

26   enactment of an ordinance that effectively prohibited the dispensary's operation).  But Plaintiffs

27   have not alleged any facts showing a right that has vested.

28   ///

13

1   Finally, Plaintiffs fail to establish any vested right to cultivate medical marijuana pursuant

2   to the CUA or MMP.  Indeed, California courts have rejected arguments that the CUA or MMP

3   grants a statutory right to use and/or collectively cultivate medical marijuana.  *See Safe Life*

4   *Caregivers v. City of L.A.*, 243 Cal. App. 4th 1029, 1048 (2016); *Kirby*, 242 Cal. App. 4th at 964–

5   65 ("the CUA does not create a right to cultivate medical marijuana that is beyond the reach of

6   local land use regulations."); *see also Kind and Compassionate*, 2 Cal. App. 5th at 120–21 (citing

7   *City of Riverside v. Inland Empire Patients Health & Wellness Ctr., Inc.*, 56 Cal. 4th 729, 757

8   (2013) ("the CUA and the MMP do not expressly or impliedly preempt [a city's] zoning

9   provisions declaring a medical marijuana dispensary … to be a prohibited use, and a public

10   nuisance, anywhere within the city limits.").

11   For these reasons, Defendants' Motion to Dismiss Plaintiffs' Fifth Cause of Action is

12   GRANTED.  However, it is possible Plaintiffs may cure the identified deficiencies through

13   amendment, therefore the dismissal is with leave to amend.  *Lopez*, 203 F.3d at 1130.

14   **IV.   CONCLUSION**

15   Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF

16   No. 22) as follows:

17   1.  Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' Second and Fourth

18   Causes of Action without leave to amend;

19   2.  Defendants Shasta County Board of Supervisors, Shasta County Code Enforcement

20   Office, and Shasta County Sheriff's Department are hereby DISMISSED from this action; and

21   3.  Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' First, Third, and Fifth

22   (referred to in the Complaint as Plaintiffs' "Sixth Cause of Action") Causes of Action with leave

23   to amend.

24   Plaintiffs may file an amended complaint not later than 30 days from the date of electronic

25   filing of this Order.  Defendants' responsive pleading is due 21 days after Plaintiffs file an

26   amended complaint.

27   ///

28   ///

14

1          IT IS SO ORDERED.

2     DATED:  November 29, 2020

3

4

5                                                    _____
                                                     Troy L. Nunley
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28